IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| DEBRA NICHOLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| CALSONICKANSEI NORTH ) | |
| AMERICA, INC., JEFFERSON ) | |
| PILOT FINANCIAL INSURANCE ) | |
| COMPANY and LINCOLN ) | |
| FINANCIAL GROUP ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR RECOVERY OF PLANNED BENEFITS UNDER ERISA

Now comes the Plaintiff, Debra Nicholson, and files this complaint for the purpose of obtaining relief from Defendants' refusal to pay long term disability benefits due under an employee benefit plan under the Employee Retirement Security Act of 1974 ("ERISA").

### JURISDICTION AND VENUE

1. The ERISA statute, 29 U.S.C. §1133, as well as Department of Labor regulations at 29 C.F.R. §2560.503.1, provides a mechanism for administrative or internal appeal of benefit denials. In this case, those avenues of appeal have been exhausted, and this matter is not properly before this court for judicial review.

2. Venue is proper within the Middle District of Tennessee pursuant to 29 U.S.C. §1132(e)(2).

## PARTIES

3. The Plaintiff, Debra Nicholson, (hereinafter "Plaintiff") is currently and was at all relevant times a resident of Marshall County, Tennessee.

4. Plaintiff alleges upon information and belief that Defendant Calsonickansei North America, Inc.'s Group Long Term Disability Plan (hereinafter "the Plan") is, and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA. The Plan may be served with process by serving the Plan Administrator, Jefferson Pilot Financial Insurance Company, through its registered agent for service of process. On information and belief, Jefferson Pilot Financial Insurance Company was purchased by Lincoln Financial Group.

5. Plaintiff alleges upon information and belief that Defendant Jefferson Pilot Financial Insurance Company is a Plan Fiduciary under the Plan and is an insurance company authorized to transact the business of insurance in this state.

6. Plaintiff alleges upon information and belief that Defendant Calsonickansei North America, Inc. (hereinafter "Employer") was Plaintiff's employer throughout the relevant time periods and is the Plan Sponsor of the Plan.

7. Plaintiff alleges upon information and belief that Employer is the Plan Administrator of the Plan as stated in the Plan or, if not so stated, as a matter of law.

## FACTS

8. The Plan is funded by an insurance policy, group long term disability policy number 00001000467400000 issued by Jefferson Pilot Financial Insurance Company.

9. The Plaintiff is a participant or beneficiary of the Plan and is covered by the long term disability policy that provides benefits under the Plan.

10. The Plaintiff ceased work due to a disability while covered under the Plan.

11. The Plaintiff has been and continues to be disabled as defined by the provision of the Plan.

12. The Plaintiff timely filed an application for benefits under the Plan. Plaintiff received disability benefits until the Plan terminated her benefits. In accordance with the review procedures set forth in the Plan, 29 U.S.C. §1133 and 29 C.F.R. §2560.503-1, Plaintiff administratively appeal the claim until exhausting administrative remedies.

13. The Plan documents do not grant discretion or any purported grant of discretion is not sufficient to grant discretion to the appropriate ERISA Fiduciary.

14. The Court's standard of review is de novo under Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101 (1989).

15. The Plan Fiduciary that made the decision to deny benefits would pay any benefits due out of its own funds.

16. The Plan Fiduciary that made the decision to deny benefits allowed its concern over its own funds to influence its decision making.

## FIRST CAUSE OF ACTION FOR PLAN BENEFITS AGAINST ALL DEFENDANTS PURSUANT TO 29 U.S.C. §1132(a)(1)(B)

Plaintiff incorporates the allegations contained in paragraphs 1 through 16 as if fully stated herein and states further that:

Under the terms of the Plan, Defendants agreed to provide Plaintiff with long term disability benefits in the event that Plaintiff became disabled as defined by the Plan. Plaintiff is disabled under the terms of the Plan.

17. Jefferson Pilot Financial Insurance Company failed to continue benefits due under the terms of the Plan and terminated Plaintiff's benefits.

18. Jefferson Pilot Financial Insurance Company's decision to deny benefits was wrong, and its decision making process was arbitrary and capricious and not supported by substantial evidence in the administrative record.

19. The decision making process did not provide a reasonable opportunity to the Plaintiff for a full and fair review of the decision denying the claim, as is required by 29 U.S.C. §1133 and 29 C.F.R. 2560.503-1.

20. The appellate procedures did not provide the Plaintiff a full and fair review. As a direct and proximate result of the aforementioned conduct of the Defendants in failing to provide benefits for Plaintiff's disability and in failing to provide a full and fair review of the decision to deny benefits, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled to under the Plan and continued benefits payable while the Plaintiff remains disabled under the terms of the Plan.

## PRAYER FOR RELIEF

1. A finding in favor of Plaintiff against all Defendants;
2. Damages in the amount equal to the disability income benefits to which she was entitled through date of judgment for unpaid benefits pursuant to 29 U.S.C. §1132(a)(1)(B);

3. Pre-judgment and post-judgment interest;

4. An Order requiring the Plan or appropriate Plan Fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan.

5. An Order requiring Defendant Employer to provide Plaintiff with any other employment benefits to which she would be entitled pursuant to finding that he is disabled under the long term disability plan.

6. Plaintiff's reasonable attorney fees and costs; and

7. Such other relief as this Court deems just and proper.

Respectfully Submitted,

*[signature]*

Gene Hallworth, #4051
Attorney for the
714-A Trotwood Avenue
P.O. Box 938
Columbia, TN 38402-0938
Telephone: (931) 381-9900
Facsimile: (931) 381-0788